IN THE SUPERIOR COURT OF WASHINGTON
FOR CHELAN COUNTY

| | |
|---|---|
| BLUE BIRD, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUARDIAN IGNITION INTERLOCK MANUFACTURING, INC., a Georgia Corporation d.b.a GUARDIAN OZONE, INC., a Georgia Corporation, <br><br> Defendant. | Case No.: _____ <br><br> SUMMONS (20 Days) <br><br> CR 4 (b) <br><br> (SM) |

TO THE DEFENDANT: GUARDIAN IGNITION INTERLOCK MANUFACTURING, INC., d.b.a. GUARDIAN OZONE, INC.

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS (20 DAYS) - 1
40585-060 \ 28603353.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  You may demand that the Plaintiff file this lawsuit with the court. If you do so, the
2  demand must be in writing and must be served upon the person signing this Summons. Within
3  14 days after you serve demand, the Plaintiff must file this lawsuit with the court, or the service
4  on you of this Summons and Complaint will be void.

5  If you wish to seek the advice of an attorney in this matter, you should do so promptly so
6  that your written response, if any, may be served on time.

7  This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State
8  of Washington.

9  Dated this 11th day of May, 2021.

STOKES LAWRENCE, P.S.

By: _____
Thomas Lerner (WSBA #26769)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
E-mail: Tom.Lerner@stokeslaw.com

Attorneys for Plaintiff BLUE BIRD, INC.

SUMMONS (20 DAYS) - 2
40585-060 \ 28603353.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

IN THE SUPERIOR COURT OF WASHINGTON
FOR CHELAN COUNTY

| | |
|---|---|
| BLUE BIRD, INC., <br><br>　　　　　Plaintiff, <br>　　v. <br><br>GUARDIAN IGNITION INTERLOCK MANUFACTURING, INC., a Georgia Corporation d.b.a GUARDIAN OZONE, INC., a Georgia Corporation, <br><br>　　　　　Defendant. | Case No.: <br><br>COMPLAINT |

Plaintiff Blue Bird, Inc. alleges:

**I. FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

1.　Blue Bird, Inc. is a Washington cooperative corporation with its principal place of business in Chelan County, Washington.

2.　Guardian Ignition Interlock Manufacturing, Inc. is a Georgia corporation doing business as Guardian Ozone, Inc. ("Guardian") with offices in Wenatchee, in Chelan County, Washington during all times relevant herein.

3.　This Court has jurisdiction over these proceedings pursuant to RCW 2.08.010. Venue is proper in Chelan County, Washington pursuant to RCW 4.12.020 and RCW 4.12.025.

4.　On or about August 1, 2019, Blue Bird and Guardian entered into an agreement by which Guardian sold two pieces of equipment to Blue Bird that had formerly been leased to

COMPLAINT - 1
40585-060 \ 28569645.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Blue Bird, in conjunction with a maintenance and diagnostics service program described by Guardian as a "PlannedCARE Agreement." In connection therewith, Guardian represented that:

> Guardian Ozone recently enhanced its maintenance and service program by establishing an office in Wenatchee, WA and staffing with three full time service technicians that serve the Washington State Tree Fruit industry. Key points of PlannedCARE program are as follows:
>
> • Service is conducted by factory trained and authorized Guardian Ozone technicians.
> • Local inventory of parts to ensure timely repair of equipment issues.
> • Calibration Standards available on site to eliminate the need to return analyzers and sensors for periodic calibration.
> • Timely response to service requests to ensure minimal downtime during critical production operations.
> • Periodic performance reviews to address agreement execution and performance.

5. The equipment sold pursuant to the PlannedCARE Agreement was the subject to a warranty to be free from defects for a period of 6 months from the date of installation, as more fully described in the PlannedCARE Agreement.

6. On or about September 1, 2019, Blue Bird and Guardian also entered into a Tree Fruit Ozone Cold Storage Plan ("the Plan"). Pursuant to the terms of the Plan, Guardian was obligated to provide equipment and monitoring for ozone infused cold storage for the preservation of stored tree fruit. Guardian was to provide all equipment for ozone generation, maintenance and monitoring, as more fully described in the Plan.

7. Further, pursuant to the Plan, Guardian indemnified Blue Bird from all losses, including reasonable attorney fees and court costs, arising from property damage arising from, resulting from or connected with a breach of the Plan or any defect, failure or malfunction of Guardian's ozone equipment.

COMPLAINT - 2
40585-060 \ 28569645.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1   8.   At all times relevant herein, Guardian was responsible for all maintenance and servicing of the Guardian equipment furnished or in use pursuant to or in connection with the Plan and the PlannedCARE Agreement.

9.   On November 18, 2019, Blue Bird personnel discovered that the Guardian equipment was showing excessive ozone levels in three controlled atmosphere fruit storage rooms, commonly referred to as CA4, CA5 and CA6. Blue Bird's personnel contacted the Guardian personnel who were responsible for the monitoring and maintenance of the Guardian supplied equipment, and maintaining the ozone volume within previously determined limits.

10.   Guardian initially attempted to resolve the excess ozone levels by remote control, but without success. Then, Guardian unsuccessfully made additional efforts at corrective action on site at Blue Bird's facility. The next day, Guardian personnel returned to Blue Bird's facility and removed certain of the Guardian installed equipment for off-site repair or replacement, returning to reinstall the equipment on November 25, 2019.

11.   On February 20, 2020, CA4 was opened so that the fruit in that storage room could be packed. At about that time, Blue Bird discovered damage to the fruit as a consequence of excessive ozone exposure. The fruit in CA5 and CA6 was similarly damaged and the fruit in all three rooms was rendered unmarketable.

12.   The Plan provides in relevant part at paragraph 6(a) that:

> Guardian represents and warrants that Guardian's ozone application and monitoring will be done in accordance with the mutually agreed upon and signed Tree Fruit Storage Plan Spreadsheet. Guardian's application and monitoring will hold any room in Ozone Ready Storage Condition to an ozone level setpoint not in excess of the agreed upon upper limit specified for such room in the Tree Fruit Storage Plan Spreadsheet for a consecutive period of more than twenty-four (24) hours. Guardian will assume responsibility for any loss or damage to fruit in any room that is in Ozone Ready Storage Condition due to Guardian's failure to apply and maintain ozone in such room in accordance with the Tree Fruit Plan Storage

COMPLAINT - 3
40585-060 \ 28569645.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Spreadsheet, including, as a result of any failure in Guardian's ozone equipment or its failure to monitor and/or maintain such equipment.

13. Guardian failed to fulfill its duty to maintain the ozone levels in CA4, CA5 and CA6 at an ozone level setpoint not in excess of the upper limit agreed upon by Blue Bird and Guardian.

14. Guardian failed to maintain the Guardian equipment, as required under the Plan and the PlannedCARE Agreement.

15. By reason of the foregoing, Blue Bird has been damaged in the amount of $1,140,976 plus accrued unpaid interest, attorney fees and costs.

16. Demand for payment has been made upon Guardian in accordance with Guardian's indemnification obligation, but Guardian has failed and refused to pay.

## II. SECOND CAUSE OF ACTION - BREACH OF WARRANTY

17. The preceding allegations are realleged.

18. Guardian has failed to fulfill its warranty obligations arising from the Plan and PlannedCARE Agreement.

19. By reason of the foregoing, Blue Bird has been damaged in the amount of $1,140,976 plus accrued unpaid interest, attorney fees and costs.

## III. THIRD CAUSE OF ACTION - NEGLIGENCE

20. The preceding paragraphs are realleged.

21. Guardian failed to exercise due care with regard to its obligation to maintain and monitor the equipment provided to Blue Bird.

22. By reason of the foregoing, Blue Bird has been damaged in the amount of $1,140,976 plus accrued unpaid interest, attorney fees and costs.

COMPLAINT - 4
40585-060 \ 28569645.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

WHEREFORE, Blue Bird, Inc. prays for entry of judgment in its favor and against Guardian Ignition Interlock Manufacturing, Inc. doing business as Guardian Ozone, Inc. in an amount to be proven at trial, plus an award of prejudgment and post-judgment interest, attorney fees and costs, and such other and further relief as the Court deems just and proper.

EXECUTED at Seattle, Washington, this 11th day of May, 2021.

STOKES LAWRENCE, P.S.

By: _____
Thomas Lerner (WSBA #26769)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
E-mail: Tom.Lerner@stokeslaw.com
Attorneys for Plaintiff BLUE BIRD, INC.

COMPLAINT - 5
40585-060 \ 28569645.1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000